15-1115
Mitchell v. Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:
>           ROBERT A. KATZMANN,
>                       *Chief Judge,*
>           RICHARD C. WESLEY,
>           DEBRA ANN LIVINGSTON,
>                       *Circuit Judges.*

_____

Michael Mitchell,

>                       *Plaintiff-Appellant*,

>           v.                                                              15-1115

John Doe 1, Watch Commander, Clinton
Correctional Facility; B. Vaughn, Corrections
Officer of Clinton Correctional Facility,

>                       *Defendants-Appellees*,

State of New York, New York State Department of
Corrections; Thomas LaValley, Superintendent, Clinton
Correctional Facility; John Doe 2, Area Sergeant of Clinton
Correctional Facility (on 7/19/13 A.M. shift); C. Durkin,
Lieutenant, Clinton Correctional Facility; John Doe 3,
Authority in charge of maintaining audio/visual cameras in
'north' yard, Clinton Correctional Facility,

>                       *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                Michael Mitchell, *pro se*, Stormville, New York.

FOR DEFENDANTS-APPELLEES:            No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Mitchell, proceeding *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint.   Mitchell sued corrections officers, alleging that they violated the Eighth Amendment by failing to protect him from an attack by another inmate.   The court dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), ruling that Mitchell had not alleged that the officers were aware of a substantial risk of serious harm.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal.   *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001).   The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To prevail on his claim that the defendants violated his constitutional rights by failing to protect him, Mitchell must show that they were deliberately indifferent to a substantial risk of serious harm.   *See Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).   An officer acts with deliberate indifference when he "both . . . [is] aware of facts from which the inference could be

2

drawn that a substantial risk of serious harm exists, and. . . draw[s] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Upon review, we conclude that the district court properly dismissed Mitchell's amended complaint. We affirm for substantially the reasons stated by the district court in its March 11, 2015 decision.

We have considered all of Mitchell's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
